**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

|                                         |                        |
|-----------------------------------------|------------------------|
|                           **Plaintiff,**  | **06-CV-0263**         |
|                                         | **(GLS)**              |

                         **v.**

**NEW YORK STATE BOARD OF ELECTIONS;**
**PETER S. KOSINSKI and STANLEY L. ZALEN,**
**Co-Executive Directors of the New York State Board**
**of Elections, in their official capacities; and,**
**STATE OF NEW YORK,**

                              **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| HON. GLEN T. SUDDABY | Barbara D. Cottrell |
| 445 Broadway | Assistant U.S. Attorney |
| 218 James T. Foley U.S. Courthouse | |
| Albany, N.Y.  12207 | |
| | |
| U.S. Department of Justice | Brian F. Heffernan |
| Voting Section | Civil Division Attorney |
| 1800 G. Street NW | |
| Room 7260 | |
| Washington, D.C.  20006 | |
| | |
| **FOR THE DEFENDANTS:** | |
| (*Zalen and Kosinski*) | |
| New York State Board of Elections | Todd D. Valentine, Esq. |
| Office of Special Counsel | Patricia L. Murray, Esq. |

40 Steuben Street
Albany, N.Y.  12207

HON. ELIOT SPITZER                    Bruce Feldman
New York State                        Assistant Attorney General
Attorney General
The Capitol
Albany, N.Y.  12224

**Gary L. Sharpe**
**U.S. District Judge**

## ORDER

This action was commenced by the United States on March 1, 2006, to secure compliance by New York State with the provisions of the Help America Vote Act of 2002, 42 U.S.C. §15301 et seq. ("HAVA").  Dkt. No. 1. By Order dated March 23, 2006, the motion filed by H. William Van Allen to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure (Dkt. No. 24) was denied.  On March 31, Van Allen filed a request for reconsideration of his intervention motion.  Dkt. No. 41.  On April 3, by text order, this court denied Van Allen's motion for reconsideration.  *See Apr. 3, 2006 Text Order*.  On April 7, Van Allen appealed this court's denial of intervention to the United States Court of Appeals for the Second Circuit.  Dkt. No. 43.

Presently before the court is Van Allen's application for leave to

2

proceed *in forma pauperis*[1] with that appeal and a second motion for
reconsideration.  *See* Dkt. No. 44 and *Undocketed papers* dated April 14.
For the reasons that follow, Van Allen's application for leave to proceed *in
forma pauperis* is **DENIED** and his duplicative reconsideration motion is
**REJECTED**.

In reviewing the *in forma pauperis*[2] application, the court must
determine not only whether the applicant has demonstrated sufficient
economic need but must also consider the sufficiency of the appeal in light
of 28 U.S.C. § 1915(e).  Section 1915(e)[3] directs that when a litigant seeks
to proceed *in forma pauperis*, the Court:

(2)     [S]hall dismiss the case at any time if the Court determines that

        ***

        (B) the ... appeal (i) is frivolous or malicious; (ii) fails to state a

---

[1]28 U.S.C. §1915 (2005).

[2]Section 1915(a)(1) "refers to a 'statement of all assets such prisoner possesses,' this
section has been applied by courts in their review of applications of non-prisoners as well."
*Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (citation omitted); *see also
Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all
persons applying for IFP status, and not just prisoners.").

[3]District courts may dismiss a frivolous complaint *sua sponte* notwithstanding the fact that
plaintiff has paid the statutory filing fee.  *See Fitzgerald v. First East Seventh St.Tenants Corp.*,
221 F.3d 362, 363-64 (2d Cir. 2000) (stating that even "[i]f Fitzgerald had sought to proceed *in
forma pauperis*, dismissal would have been mandatory under 28 U.S.C. §1915(e)(2).").

> claim on which relief may be granted; or (iii) seeks monetary
> relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, even if a litigant meets the financial

criteria to proceed *in forma pauperis*, it is the court's responsibility to

determine that the action may properly be maintained before it may grant

an *in forma pauperis* application.  In addition, in the case of an appeal, 28

U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma*

*pauperis* if the trial court certifies in writing that it is not taken in good faith."

Van Allen's motion to intervene in this action was denied by this court

after due consideration of the papers submitted by the parties and following

oral argument.  The court determined that Van Allen sought intervention

based upon his assertions that the statewide voter list called for by HAVA

will, when implemented by New York, be used improperly, and that HAVA

funds will be distributed inappropriately to the counties if the funding

formula is based upon current district boundaries.  See Dkt. Nos. 24, 30,

31.  In denying intervention, this court found that neither of the possible

interests asserted by Van Allen are relevant to the subject matter of this

proceeding, which has at its core the assertion by the United States that

New York has failed to timely comply with HAVA.  *See Tr. Hr'g Mar. 23,*

4

*2006 p. 37,* Dkt. No. 42, Dkt. No. 1.

In light of the foregoing, the court finds that the appeal is frivolous and hereby certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  Accordingly, Van Allen's application to proceed with his appeal *in forma pauperis* is denied.

On April 14, Van Allen filed with this court the identical documents previously filed as a "motion for reconsideration" on March 31.  The court has already reviewed these documents and made a ruling.  *See Apr. 3, 2006 Text Order.*  Moreover, Van Allen's appeal on this very subject is currently pending before the Circuit.  Thus, the court declines to accept these documents and any future efforts to have this court review the identical documents will be REJECTED.  Accordingly, Van Allen's papers filed on April 14 are rejected and the Clerk is directed to forward any future filings to this court in order to determine if those filings are violative of this order.

**WHEREFORE**, it is hereby

**ORDERED**, that the application filed by Van Allen for leave to proceed with his appeal in this matter *in forma pauperis* (Dkt. No. 44) is denied, and it is further

5

**ORDERED**, that Van Allen's April 14 documents, which were previously filed March 31, are REJECTED and the Clerk is directed to strike them from the docket, and it is further

**ORDERED**, that the Clerk should forward any future filings by Van Allen to this court in order to determine if those filings are violative of this order, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties and H. William Van Allen.

**IT IS SO ORDERED**.

Dated: May 9, 2006
        Albany, New York

Gary L. Sharpe
U.S. District Judge

6