# MANDATE

07-4211-cv
United States of America v. New York State Board of Elections

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fifteenth day of April, two thousand and eight.

PRESENT:

    JOSÉ A. CABRANES,
    SONIA SOTOMAYOR,
    RICHARD C. WESLEY,
             *Circuit Judges.*

UNITED STATES COURT OF APPEALS
FILED
APR 1 5 2008
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

07-4211-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

NEW YORK STATE BOARD OF ELECTIONS,

        *Defendant-Appellee,*

PETER S. KOSINSKI, STANELY L. ZALEN, Co-Executive Directors of the New York State Board of Elections, in their official capacities, STATE OF NEW YORK,

        *Defendants-Cross-Defendants-Appellees,*

1

**ISSUED AS MANDATE:**

JUN 0 6 2008

THE CATSKILL CENTER FOR INDEPENDENCE,

     *Defendant-Appellee,*

     -v.-                                        No. 07-4211-cv

NASSAU COUNTY BOARD OF ELECTIONS and NASSAU COUNTY
LEGISLATURE,

     *Intervenors-Defendants-Appellants.*

------------------------------------------------x

| FOR PLAINTIFF: | LISA WILSON EDWARDS (Grace Chung Becker, Acting Assistant Attorney General, Mark L. Gross, *on the brief*), U.S. Department of Justice, Civil Rights Division, Washington, DC. |
|---|---|
| FOR INTERVENORS: | PETER JAMES CLINES, Chief, Bureau of Affirmative Litigation, Office of the Nassau County Attorney (Lorna B. Goodman, County Attorney, *on the brief*), Mineola, NY. |

     Appeal from orders of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court be **AFFIRMED.**

     The Nassau County Board of Elections and the Nassau County Legislature (collectively, "Nassau County") appeal from orders, dated July 19, 2007 and December 20, 2007, denying their motion to intervene in this litigation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

     The United States brought this action in the U.S. District Court for the Northern District of New York, *inter alia*, to compel the State of New York to adopt voting technology mandated by the Help America Vote Act of 2002, Pub. L. 107-252, 116 Stat. 1666, 42 U.S.C. § 15301 *et seq.* ("HAVA"). Nassau County moved to intervene on the grounds that (1) this litigation risks throwing the 2008 presidential election into "chaos" if Nassau County is forced to implement new technology without sufficient time to test its efficacy; (2) Nassau County, not the State of New York, has the ultimate responsibility for purchasing voting equipment and administering elections in Nassau County; and (3) the State of New York's failure to certify HAVA-compliant voting machines jeopardizes Nassau County's receipt of HAVA funds. The District Court denied Nassau County's motion to intervene on July 19, 2007 and, on December 20, 2007, it denied Nassau County's motion for reconsideration of the July 19 decision.

     We review the District Court's denial of Nassau County's motion to intervene for "abuse of discretion." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). "A district

court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 385 (internal quotation marks omitted).

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that a court must permit an applicant to intervene when: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Id.* We have previously observed that "the burden to demonstrate inadequacy of representation is generally speaking 'minimal.'" *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Nevertheless, we have required a "more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Id.* at 179; *see also Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) ("[Plaintiff] and [putative intervenor] may have differing motives for recovering the money paid to [defendant]; the former wants the money back for itself, while the latter wants to assure that money due consumers is returned to them. However, a putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action.").

Nassau County contends that it is inadequately represented by the New York State Board of Elections ("BOE"), despite their shared "ultimate objectives" of complying with HAVA and ensuring fair and orderly elections, because the BOE's repeated delays have jeopardized HAVA funding and the BOE is at best indifferent to Nassau County's need for adequate time (ten to fourteen months) to install and verify new voting systems. These allegations find no support in the record. With respect to HAVA funds, the United States has not stated an intent to sanction New York by terminating HAVA funding, and Nassau County's concern that the United States may ultimately do so is mere speculation. Even if those funds were at issue in this litigation, nothing in the record indicates that the BOE would be unconcerned with this potential loss of state revenue. There is likewise no evidence indicating that the BOE is indifferent to the amount of time Nassau County would need to implement a new voting system. Indeed, pursuant to the parties' most recent "Time Line" for replacing New York's lever voting machines, the BOE will provide the counties with a list of certified machines by October 23, 2008, thereby affording Nassau County over ten months to install and verify the new voting equipment before the September 2009 primary elections. This amount of time is within the range Nassau County seeks. Accordingly, Nassau County has failed to show that its interests in this litigation would be—or are being—inadequately represented by the BOE, and therefore it was not an abuse of discretion for the District Court to deny Nassau County intervention as a matter of right under Rule 24(a)(2).

With respect to permissive intervention, Rule 24(b)(3) cautions that "[i]n exercising its discretion [to permit intervention], the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Such was the case here, where the District Court adopted the view of the United States that "[i]f all [the] counties were added[,] the case would be unmanageable." We see no reason to second guess the District Court's judgment on matters of case

3

management in this complex litigation. *Cf. United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) ("Reversal of a district court's denial of permissive intervention is a very rare bird indeed, so seldom seen as to be considered unique.").

Because we see no abuse of discretion in the District Court's denial of Nassau County's motion to intervene, we AFFIRM the corresponding orders of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by *Joseph M. Rodriguez*
DEPUTY CLERK